PETER BERLING CA Bar No. 131602
Email: peter@bertlinglawgroup.com
Peter Bertling Law Group
  21 East Canon Perdido St., Suite 204B
  Santa Barbara, CA 93101
  Telephone: 844.295.7558

GEOFFREY SIMPSON (*pro hac vice forthcoming*)
gsimpson-efile@gelawyer.com
Gilbert Employment Law, P.C.
  8403 Colesville Rd., Suite 1000
  Silver Spring, MD 20910
  Telephone: 301.608.0880

NATHANIEL ZELINSKY (*pro hac vice forthcoming*)
nzelinsky@washingtonlitigationgroup.org
Washington Litigation Group
  1717 K St. NW, Suite 1120
  Washington, DC 20006
  Telephone: 202.521.8764
*Attorneys for Plaintiff Kyra Lilien*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **KYRA LILIEN**,                                              ) | |
| )                                                            | |
|    v.                                                         )  | **DEMAND FOR JURY TRIAL** |
| )                                                            | |
| **TODD BLANCHE**,                                             ) | |
| Acting Attorney General                                      ) | |
| U.S. Department of Justice                                   ) | |
|    and                                                       ) | |
| )                                                            | |
| **U.S. DEPARTMENT OF JUSTICE.**                              ) | |

### COMPLAINT
**Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; Discrimination in Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 633a; Discrimination in Violation of the First Amendment of the United States Constitution**

1

COMPLAINT

Plaintiff, Kyra Lilien, by and through her undersigned attorneys, files this Complaint for declaratory, injunctive, and monetary relief against her former employer, the U.S. Department of Justice (hereinafter, "DOJ" or "the Agency") and Acting Attorney General Todd Blanche in his official capacity (collectively, "Defendants"), to seek redress for Defendants' violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, and the First Amendment of the United States Constitution.

### JURISDICTION

1.      This Court has jurisdiction under 28 U.S.C. § 1331 because this case arises under the Constitution and the laws of the United States. The Court also has jurisdiction under 28 U.S.C. § 1346 because this is a civil action against the federal government founded upon the Constitution. Jurisdiction is also proper under 42 U.S.C. § 2000e-5(f)(3), which applies pursuant to 42 U.S.C. § 2000e-16(d). The Court has authority to provide relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Mandamus Statute, 28 U.S.C. § 1361.

2.      Venue is proper pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3).  That is so because, among other things, but for the discriminatory practices, Plaintiff would have worked in Concord, California, within the Northern District of California.  Venue is also proper under 28 U.S.C. § 1391(e) because, among other things, Plaintiff resides in Oakland, Califiornia, within the Northern District of California.

### INTRADISTRICT ASSIGNMENT

3.      Assignment to the San Francisco Division of this District is proper pursuant to Civil Local Rule 3-2(c)-(d) because at all times relevant to this complaint, Plaintiff resided in Alameda

2
COMPLAINT

County and was employed within Contra Costa County and San Francisco County, wherein all acts or omissions complained thereof took place.

## PARTIES

4.      Plaintiff Lilien is an adult female resident of Alameda County within the State of California. Plaintiff is a citizen of the United States.

5.      Defendant Todd Blanche is the Acting Attorney General, the head of the Department of Justice.  Defendant Blanche is sued in his official capacity.

6.      Defendant United States Department of Justice is the agency which formerly employed Plaintiff.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.      On August 18, 2025, Plaintiff contacted the Defendants' Equal Employment Opportunity ("EEO") Office and initiated informal counseling on her Title VII and ADEA claims.

8.      On September 26, 2025, Plaintiff filed a Formal Complaint of Discrimination with Defendants' EEO Office raising her Title VII and ADEA claims. In accordance with 42 U.S.C. § 2000e-16, 29 U.S.C. § 633a(b), and 29 C.F.R. § 1614.106(b), Plaintiff filed that Complaint following completion of informal counseling and within fifteen (15) days of Plaintiff's final interview and receipt of notification from her EEO counselor of her right to file a formal complaint.

9.      On February 5, 2026, Defendants issued a Final Agency Decision under 29 C.F.R. § 1614.110 dismissing the Complaint for failing to state a claim.

10.      According to the Final Agency Decision, Defendants' failure to convert Plaintiff's Immigration Judge position from a probationary to a permanent position and their termination of her employment:

> w[ere] a lawful exercise of the Attorney General's authority under Article II
> of the Constitution. Article II of the Constitution allows the President and

3
COMPLAINT

heads of departments exercising his power to remove inferior officers without cause, subject to only narrow exceptions that do not apply to your former position. No statute provides otherwise, and even if it did, the statute would run afoul of Article II.

11. Plaintiff filed the instant action within 90 days of receipt of the Agency's final action pursuant to 29 C.F.R. § 1614.407(a), 42 U.S.C. § 2000e-16(c), and 29 U.S.C. § 633a(b)-(c).

**<u>FACTS GIVING RISE TO RELIEF</u>**

12. Plaintiff Lilien was born in 1974.

13. Plaintiff Lilien is fluent in Spanish.

14. Plaintiff was appointed to serve as Immigration Judge with the Executive Office of Immigration Review ("EOIR") of the DOJ at the San Francisco Immigration Court on July 23, 2023.

15. Plaintiff was transferred to the Concord Immigration Court in February 2024.

16. Pursuant to DOJ policy and practice, upon appointment, Immigration Judges serve a two-year probationary period after which their appointments are routinely converted to permanent positions.

17. Throughout her employment, and during her probationary period as an Immigration Judge, Plaintiff Lilien met or exceeded all performance standards.

18. Plaintiff Lilien received satisfactory assessments—the highest possible rating—in her probationary period reports for FY2024 and FY2025. Over 96% of Plaintiff's FY2025 motions were adjudicated in a timely manner, and she received glowing reviews from her Assistant Chief Immigration Judge, who recommended her conversion to permanent Immigration Judge.

19. At no time during her service as an Immigration Judge did the Agency ever issue Plaintiff Lilien any form of discipline.

COMPLAINT

20.     Starting on January 20, 2025, four women in permanent leadership positions within EOIR were terminated in close succession without stated cause. This included then-Chief Immigration Judge Sheila McNulty.

21.     On or about February 14, 2025, several female Assistant Chief Immigration Judges (ACIJs) were terminated, including Judge Megan Jackler, Judge Rebecca Walters, Judge Noelle Sharp, Judge Megan Herndon, and Judge Rhana Ishimoto.

22.     In or around January 2025, Sirce Owen, who was then the Acting Director of EOIR, issued a memorandum that was openly hostile to organizations that advocate for noncitizens, claiming they are extremist leftist organizations that advocate for illegal immigration and undermine Immigration Courts.

23.     In or around February 2025, Defendants began issuing numerous memoranda announcing the end to Diversity, Equity, and Inclusion ("DEI") efforts.

24.     The first memorandum, issued by then-Attorney General Pamela Bondi in February 2025, promised to "penalize illegal DEI and DEIA preferences," particularly based on sex and race.

25.     Another memorandum, issued by then-Acting Director Owen in March 2025, criticized the appointment practices of the Biden administration.  The memorandum stated that the Agency had reviewed the hiring materials of all Immigration Judges hired under the prior administration, and alleged that persons of "certain backgrounds" were given favorable treatment over others. The memorandum concluded that EOIR was "committed to rectifying those harms."

26.     Together, the memoranda laid bare management's hostility to hiring individuals with immigrants' rights backgrounds, women, ethnic minorities, and others who may be considered "DEI" hires.

27. Coinciding with the issuance of these memoranda, and despite DOJ's FY2026 budget permitting up to 800 Immigration Judges, EOIR terminated a disproportionate number of Immigration Judges who were women, people of color, ethnic minorities, and persons associated therewith.

28. On July 11, 2025, Plaintiff received notice that the Attorney General decided not to convert her appointment into a permanent position. Her termination was effected on July 22, 2025. DOJ's dismissal letter stated: "Pursuant to Article II of the Constitution, the Attorney General has decided not to extend your term or convert it to a permanent appointment."

29. Upon information and belief, the Immigration Judges not converted and/or terminated in and around the same time as Plaintiff were overwhelmingly female, including Lucy Billings of the New York – Varick Immigration Court, Carmen Maria Rey Caldas of the New York - Federal Plaza Immigration Court, Chloe Dillon of the San Francisco Immigration Court, Jenna Peyton of the Chicago Immigration Court, Elaine Cintron of the Aurora Immigration Court, Jennifer Durkin of the New York - Varick Immigration Court, Florence Chamberlin of the Concord Immigration Court, Nicole Lomartire of the Annandale Immigration Court, Jane Miller of the Indianapolis Immigration Court, Jody Barilla of the Chicago Immigration Court, Zahra Jivani Fenelon of the Houston Immigration Court, Ila Deiss of the San Francisco Immigration Court, Jami Vigil of the San Francisco Immigration Court, Vicenta Banuelos Rodriguez of the Imperial Immigration Court, Elisa Brasil of the San Francisco Immigration Court, Zahra Jivani Fenelon of the Houston Immigration Court, Tania Nemer of the Cleveland Immigration Court, Irma Pérez of the West Los Angeles Immigration Court, Sarah Tores of the Concord Immigration Court; Roberta Wilson of the Concord Immigration Court; Lisa Calero of the Concord Immigration Court; Stephanie Tobosa-Smit of the Concord Immigration Court; Shira Levine of the San Francisco

Immigration Court; Amber George of the San Francisco Immigration Court; Arwen Swink of the San Francisco Immigration Court; Shuting Chen of the San Francisco Immigration Court; and Karen McDowell of the Concord Immigration Court.

30.     Several Concord Immigration Court Judges who Defendants did not convert to permanent Immigration Judges and/or terminated in and around the same time as Plaintiff were fluent in Spanish, including Florence Chamberlin, Roberta Wilson, Sarah Torres, and Stephanie Tobosa Smit.

31.     Around the time of Plaintiff's termination, white (non-Hispanic) male judges at Plaintiff's Immigration Court in Concord were converted to permanent positions and/or retained, including Justin Price, Jacob Stender, Jeremy Butler, and Colin Eichenberger. Plaintiff's performance metrics were similar to the foregoing.

32.     Upon information and belief, since January 2025, the Immigration Judges who have been terminated from the Concord Immigration Court are exclusively female, and the Immigration Judges who have been converted and newly hired are exclusively male.

33.     Plaintiff Lilien is and has been above the age of 40 at all times relevant to this complaint.

34.     Upon information and belief, the majority of the Immigration Judges and Appellate Immigration Judges who were not converted to permanent positions and/or who were terminated in and around the same time as Plaintiff are over the age of 40, including (1) those in senior leadership positions, such as Sheila McNulty, Mary Cheng, Rebecca Walters, Rhana Ishimoto, Megan Herndon, Megan Jackler, Noelle Sharp; (2) Board of Immigration Appeals Judges Katherine Clark and Andrea Saenz; and (3) Immigration Judges Vicenta Banuelos Rodriguez of the Imperial Immigration Court, Elisa Brasil of the San Francisco Immigration Court, Roger Dinh

7
COMPLAINT

of the San Francisco Immigration Court, Jami Vigil of the San Francisco Immigration Court, Jenna Peyton of the Chicago Immigration Court, Elaine Cintron of the Aurora Immigration Court, Jennifer Durkin of the New York - Varick Immigration Court, Florence Chamberlin of the Concord Immigration Court, Nicole Lomartire of the Annandale Immigration Court, Jane Miller of the Indianapolis Immigration Court, Jody Barilla of the Chicago Immigration Court, Zahra Jivani Fenelon of the Houston Immigration Court, Ila Deiss of the San Francisco Immigration Court, Chloe Dillon of the San Francisco Immigration Court, Carmen Maria Rey Caldas of the New York - Federal Plaza Immigration Court, George Najjar of the San Diego Immigration Court, George Pappas of the Boston Immigration Court, and Adrian Paredes Velasco of the El Paso Immigration Court.

35.    Upon information and belief, Katie Mullins, serving the Adelanto Immigration Court, was converted to a permanent position around the time of Plaintiff's termination and is in or around her early to mid-thirties.

36.    Upon information and belief, Jacob Stender and Collin Eichenberger are younger than Plaintiff and were converted to permanent positions around the time of Plaintiff's termination.

37.    Prior to joining EOIR, Plaintiff spent approximately eight years working as an attorney advocating for non-citizens before EOIR and the Department of Homeland Security.

38.    From 2021 to 2023, Plaintiff was Program Director for Jewish Family and Community Services, where she managed the Legal Services Department and regularly represented non-citizens, including in removal proceedings before EOIR.

39.    Between 2010 and 2013, Plaintiff also served as the Immigration Program Director for Centro Legal De La Raza, an immigrants' rights nonprofit. While there, Plaintiff represented

8
COMPLAINT

detained and non-detained non-citizens in immigration proceedings.  She also represented Centro Legal at community meetings and before media outlets.

40.    Between 2007 and 2010, Plaintiff was as an Associate Attorney at Kirkland & Ellis, where she helped manage the firm's pro bono program and represented non-citizens in removal proceedings before EOIR.

41.    EOIR knew of Plaintiff's background and activity advocating for immigrants and immigrant rights because it was included in the resume that she submitted with her application to serve as an Immigration Judge.

42.    Plaintiff is a registered voter with the Democratic Party.

43.    Upon information and belief, the Defendants were aware of Plaintiff's political affiliations and associations with individuals targeted by the Trump administration prior to her termination date.

44.    Several of the Immigration Judges and Appellate Immigration Judges who were not converted to permanent positions and/or who were terminated around the time of Plaintiff's removal had backgrounds advocating for immigrants and immigrant rights prior to the time they were hired by Defendant DOJ, including Irma Perez of the West Los Angeles Immigration Court, Christopher McNary of the Santa Ana Immigration Court, Sameer Ahmed of the Boston Immigration Court, Carla Espinoza of the Chicago Immigration Court, Lucy Billings of the New York – Varick Immigration Court, BIA Judge Homero López, George Pappas of the Boston Immigration Court, Amber George of the San Francisco Immigration Court, Arwen Swink of the San Francisco Immigration Court, Shira Levine of the San Francisco Immigration Court, Roberta Wilson of the Concord Immigration Court, Sarah Torres of the Concord Immigration Court, Stephanie Tobosa Smit of the Concord Immigration Court, Lisa Calero of the Concord

9
COMPLAINT

Immigration Court, Shuting Chen of the San Francisco Immigration Court, and Florence Chamberlin of the Concord Immigration Court.

45.     Several Immigration Judges and Appellate Immigration Judges with exclusively prosecutorial immigration law backgrounds or who otherwise had never represented or advocated for non-citizens were converted to permanent positions around the time of Plaintiff's termination, including Heather Libeu of the Santa Ana Immigration Court; Monica Neumann of the Miami Immigration Court; Sasha Xu of the Federal Plaza Immigration Court; Brandi Lohr of the Buffalo Immigration Court; Jacquelyn Jo Joyce of the Houston Immigration Court; Elizabeth Treacy of the Chicago Immigration Court; Robert Lundberg of the Annandale Immigration Court; and Colin Eichenberger of the Concord Immigration Court.

46.      Upon information and belief, numerous Immigration Judges and Appellate Immigration Judges who were not converted to permanent positions and/or who were terminated were also registered voters affiliated with the Democratic Party.

47.     Defendants' decision to terminate Plaintiff was motivated in whole or in part by her sex (female), imputed race/national origin (fluent Spanish speaker), age (over 40), political affiliation, and/or association with immigrant groups.

## COUNT ONE
### Discrimination in Violation of Title VII of the Civil Rights Act of 1964

48.     Plaintiff Lilien incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-47 of this Complaint.

49.     Plaintiff Lilien was not hired to a permanent position because of her sex and association with Hispanic individuals in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

50. Defendants never provided a legitimate, non-pretextual justification for Plaintiff's removal.

51. Title VII prohibits discrimination based on interracial association and/or perceived race and/or national origin.

52. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff suffered and continues to suffer lost earnings and benefits, pain, suffering, humiliation, and mental distress.

## COUNT TWO
### Discrimination in Violation of the Age Discrimination in Employment Act

53. Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-47 of this Complaint.

54. At all times material to this complaint, Plaintiff was over 40 years old.  She thus was a member of the class of persons protected by the ADEA's prohibition on discrimination on the basis of age.

55. Plaintiff was not hired to a permanent position by Defendants because of her age.

56. Defendants never provided a legitimate, non-pretextual justification for Plaintiff's removal.

57. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff suffered and continues to suffer lost earnings and benefits, pain, suffering, humiliation, and mental distress.

## COUNT THREE
### Discrimination in Violation of the First Amendment of the U.S. Constitution

58.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-47 of this Complaint.

59.     Plaintiff was terminated because of her political affiliation and/or her past association with organizations affiliated with political ideologies contrary to Defendants' in violation of the First Amendment of the U.S. Constitution.

60.     Defendants never provided a legitimate, non-pretextual justification for Plaintiff's removal.

61.     As a direct and proximate result of the unlawful acts of Defendants, Plaintiff suffered and continues to suffer lost earnings and benefits, pain, suffering, humiliation, and mental distress.

## COUNT FOUR
### Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202

62.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-47 of this Complaint.

63.     Plaintiff is entitled to declaratory relief on the basis of all claims identified. There is a substantial ongoing controversy between Plaintiff and the Defendants, and a declaration of rights under the Declaratory Judgment Act is both necessary and appropriate to establish that Defendants did not have authority to remove Plaintiff on the basis of sex, race, national origin, age, prior association, or perceived political affiliation.

## COUNT FIVE
### Mandamus

64.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-47 of this Complaint.

65.     In the alternative, Plaintiff is entitled to mandamus or relief in the nature of mandamus commanding Defendants to return her to her office.

66.    Title VII, the ADEA, and the First Amendment impose a ministerial duty on all Defendants not to discriminate on the basis of sex, race, national origin, age, prior association, or perceived political affiliation.  Plaintiff is entitled to a mandamus returning her to her office. Absent this Court granting one of the counts identified above, there is no other adequate means of redress.

*    *    *

WHEREFORE, the premises considered, Plaintiff Lilien respectfully prays that this Honorable Court:

1.    Enter judgment on Plaintiff's behalf against Defendants;

2.    Award Plaintiff compensatory damages and other damages;

3.    Reinstate Plaintiff to the position held prior to her unlawful termination or other equivalent position;

4.    Award Plaintiff all lost pay;

5.    Award Plaintiff her court costs, expenses, attorneys' fees, and interest;

6.    Declare that Defendants' conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, and the First Amendment of the U.S. Constitution;

7.    In the alternative, issue a mandamus; and

8.    Grant such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure Plaintiff demands a jury trial as to all issues so triable.

13
COMPLAINT

Dated: May 1, 2026

By:                                                    By:


/s/ Peter G. Bertling                                  Geoffrey H. Simpson
CA Bar No. 131602                                      MD Bar No. 18868
Bertling Law Group                                     DC Bar No. 988437
21 East Canon Perdido Street, Suite 204B               Gilbert Employment Law, PC.
Santa Barbara, CA 93101                                8403 Colesville Road, Suite 1000
(805) 879-7558 Telephone                               Silver Spring, MD 20910
(805) 869-1597 Facsimile                               301-608-0880 Telephone
peter@bertlinglawgroup.com                             301-608-0881 Facsimile
                                                       gsimpson-efile@gelawyer.com
                                                       *Pro Hac Vice Forthcoming*

By:


Nathaniel A.G. Zelinsky
DC Bar No. 1724093
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org
*Pro Hac Vice Forthcoming*


*Attorneys for Plaintiff Kyra Lilien*


14
COMPLAINT